**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN THE MATTER OF: | Chapter 13 |
| Verlene Olivia George, | Case No. 15-70296-wlh |
| Debtor. | |

| | |
|---|---|
| Verlene Olivia George, | |
| Plaintiff, | Adv. Proc. No. ____________ |
| vs. | |
| Porania, LLC and Jeffrey S. Dunn, individually, | |
| Defendants. | |

**COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING**

**INTRODUCTION**

This is an action for damages and equitable relief based upon the Defendants' overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act, ("GFBPA") O.C.G.A. § 10-1-399, *et seq.* These claims arise as a result of Defendants' overt and intentional conduct.

**JURISDICTION AND VENUE**

1. This is a core proceeding as defined by 28 U.S.C. § 157, and this is a matter arising in a case under Title 11.

2. This Court has proper matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

3. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction of the state law claims is conferred by 28 U.S.C. § 1367. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. The Plaintiff is a debtor in the underlying Chapter 13 pending in this Court, case number 15-70296-wlh.

5. Defendant, Porania, LLC (hereinafter "Porania"), is a limited liability corporation organized under the laws of the State of Delaware.

6. Defendant, Jeffrey S. Dunn, is, upon information and belief, an individual employed by Defendant Porania and has specialized training in the review of delinquent accounts and preparation of Proofs of Claim to be filed in bankruptcy cases.

7. The Defendants have entered the Plaintiff's Chapter 13 by filing Proofs of Claim alleging that Porania is the assignee and rightful holder of debts originated by a third-party.

8. Defendant Jeffrey S. Dunn personally completed the Proofs of Claim that give rise to this action, presumably after having reviewed the relevant account information.

**FACTUAL ALLEGATIONS**

9. On October 22, 2015, Plaintiff's Chapter 13 proceeding was commenced by the filing of a voluntary petition with the Clerk of this Court.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Porania is a "debt collector" as defined by 15 U.S.C. §§ 1692a(5) and (6).

12. On February 15, 2016, Defendants filed Proofs of Claim Numbers 14 (POC 14) and 15 (POC

15) in the amounts of $1,638.97 and $1,638.38 respectively (hereinafter referred to as Defendants' Claims) alleging that Porania is the assignee and rightful holder of two debts originated by a third-party, Plain Green, LLC (hereinafter "Plain Green").

13. The Defendants' Claims are "consumer debts" as defined by 15 U.S.C. §§ 1692a (3) and (5).

14. The filing of Defendants' Claims was an act in furtherance of Defendants' efforts to collect a debt from the Plaintiff. See *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014)

15. Plain Green is, upon information and belief, a "payday lending business" wholly owned by the Chippewa Creek Tribe of Montana.

16. At no time relevant to this action was Plain Green licensed in Georgia as an Industrial Lender or any other financial institution.

17. Upon information and belief, the loans referenced in Defendants' Claims were "payday" loans, as defined by O.C.G.A. § 16-17-1 and no exception as contained in § 16-17-2(a) applies to the alleged loans upon which Defendants are attempting to collect.

18. The loans being collected by Defendants were illegal as of inception, and the alleged debts are unenforceable under Georgia law. See, O.C.G.A. § 16-17-2.

19. The loans being collected by the Defendants were in violation of the Georgia Industrial Laon Act and was void abinitio per O.C.G.A. §§ 7-3-14, and 7-3-29.

20. The Defendants' Claims also indicate on their face that Porania acquired the debts from First Reliance Holding, Inc. (hereinafter "First Reliance")

21. Upon information and belief, First Reliance is itself a debt-buyer operating in the payday lending market.

See, http://www.bloomberg.com/Research/stocks/private/snapshot.asp?privcapid=115873352

22. Defendants' Claims does not contain any documents purporting to be an assignment or sale of the debt being collected from Plain Green to First Reliance or from First Reliance to Porania, or from any alleged originating party or prior holder to Porania.

23. The information provided by the Defendants are not only wholly incomplete, they are materially false and or misleading.

24. Defendants have not complied with Fed. R. Bankr. P. 3001(c)(1).

25. At the time they filed their Proofs of Claim, Defendants knew or should have known they were attempting to collect an unlawful and unenforceable debt.

26. At the time they filed their Proofs of Claim, Defendants had actual knowledge that the information being provided to the Court, the trustee and Debtor's counsel was either false or so incomplete as to be materially misleading.

27. The actions and course of conduct evidenced by the Defendants in the filing of this proof of claim are not isolated or singular. Rather it is indicative of the Defendant's pattern and practice of filing dubious and unlawful proofs of claim with false or materially misleading documentation.

## DAMAGES

28. As a result of Defendants' actions, Plaintiff has suffered actual damages, including all interest, fees and charges paid related to the alleged loan, out-of-pocket expense to travel to meet with counsel; consumption of resources in the form of her attorney time and resources in challenging an unlawful claim; potential harm through possible payment of an unenforceable clam; and worry over the repercussions of Defendants' unlawful conduct.

## FIRST CLAIM FOR RELIEF -- OBJECTION TO CLAIM

29. Plaintiff repeats and realleges paragraphs 1-28 as though more fully set forth herein.

30. The Debtor objects to Defendant's proofs of claim 14 and 15 on the grounds that Defendants have not complied with Fed. R. Bankr. P. 3001(c)(1) such that it is impossible for debtor or debtor's counsel to ascertain the veracity of the claims.

31. The Debtor objects to Defendants' Proofs of Claim on the grounds that they are unenforceable under Georgia law, per the supporting documentation filed by the Defendants, and are therefore objectionable under 11 U.S.C. § 502(b)(1) and should be disallowed.

**COUNT I**

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**
**15 U.S.C. 1692, *et seq*.**

32. Plaintiff repeats and realleges the preceding paragraphs 1-28 as though more fully set forth herein.

33. Defendants' filing of POCs 14 and 15 were an attempt to collect consumer debts.

34. The Defendants have made numerous false, deceptive and misleading statements in their attempts to collect consumer debts in violation of 15 U.S.C. §§ 1692e and 1692f.

35. The acts and omissions by Defendant constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

36. The Plaintiff has suffered actual damages as a result of Defendants' conduct as described herein.

37. As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00 for each violation , costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

**COUNT II**

**VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICE ACT**
**O.C.G.A. 10-1-399, *et seq.***

38. Plaintiff incorporates by reference paragraphs 1-28 and 32-37 as though fully stated herein.

39. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

40. Defendants willfully engaged in unfair and deceptive practices to collect consumer debts.

41. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the preceding subsection.

42. Defendants do not maintain a place of business in Georgia and have no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

43. As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages as described herein pursuant to O.G.C.A. § 10-1-399(a).

44. Defendants' actions were intentional and/or knowing, rendering them liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

45. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

A. That Proofs of Claim Numbers 14 and 15 be disallowed;

B. That the Court award actual damages in an amount to be shown at trial, statutory damages in the amount of $1,000.00 per violation against each Defendant, costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k; and

C. That the Court award actual and exemplary damages against each Defendant pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

D. That the Court award reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k and O.G.C.A. § 10-1-399(d); and

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

This the 25th day of October, 2016.

Respectfully submitted,

*/s/ Matthew T. Berry*_________

Matthew T. Berry, GA Bar No.: 055663
Attorney for Plaintiff/Debtor
2751 Buford Highway, NE
Suite 600
Atlanta, GA 30324
Tel. (404) 235-3334
Fax (404) 235-3333
Email: matt@mattberry.com

**Matrix Address**

Porania, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Jeffrey S. Dunn
P.O. Box 11405
Memphis, Tennessee 38111

Nancy J. Whaley
United States Trustee
303 Peachtree Center Avenue
Suite 120
Atlanta, Georgia 30303

Guy G. Gebhardt
Acting United States Trustee (Region 21)
75 Spring Street, SW, Room 362
Atlanta, Ga 30303